Samuel A. Welcome, J.
Defendant moves this court for an order, pursuant to subdivision (e) of CPLR 3212 -granting her summary judgment on her first and second counterclaims, and for such other and further relief as may be deemed just and proper.
Defendant’s motion places squarely in issue an interpretation of sections 1638 and 1640 of title 15 ofi the United States Code (parts popularly known as the Truth in Lending Act).
Plaintiff brought this action to recover possession of certain chattels which defendant purchased from plaintiff under two retail installment sales contracts.
Section 1638 sets forth the requirement that finance charges be expressed in annual percentages and that the number of payments scheduled to repay the indebtedness be also set forth.
• Section 1640 provides civil liability for failure to comply with section 1638.
It is admitted -that the written agreement between the parties dated March 23, 1971 for the purchase of a living room set did not comply with the requirements of section 1638 (subd. [a], par. [8]) of. the act, in that the number of payments scheduled to repay the indebtedness was not indicated.
It is also admitted that the plaintiff did not comply with section 1638 with respect to the written agreement between the *78 parties for the purchase of a bedroom set, dated December 18, 1970, in that the finance charge was not expressed as an annual percentage rate and that the number of payments scheduled to repay the indebtedness was not indicated.
The plaintiff takes the legal posture that subdivisions (b) and (c) of section 1640 permit a creditor to correct these omissions and that therefore plaintiff cannot be held liable in any action brought under this section if the creditor shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error; therefore, the plaintiff, contends summary judgment cannot be granted because plaintiff must be given an opportunity to prove these facts at a plenary trial.
Defendant contends that since an order to seize the chattels at issue was granted on July 23, 1971 (she contends it is unconstitutional) the plaintiff cannot amend the written contract.
The issue is whether or not the court should grant the plaintiff an opportunity to amend the written contracts after plaintiff has sued and replevied the items or whether the court in com struing the statute must grant defendant the summary judgment prayed for.
In deciding this issue the court must, of necessity, give the plaintiff’s pleadings the widest possible interpretation, therefore, the court must deem that the counterclaims set forth in the defendant’s answer are deemed controverted even though plaintiff h^is not formally answered them. (OCA, § 907, subd. [a].) Plaintiff’s answering affirmation is therefore deemed to controvert the defendant’s counterclaim.
"When all the “ clouds ” are removed from the lawsuit are there really triable issues ?
Whatever defenses plaintiff may have pursuant to subdivisions (b) and (c) of section 1640 of title 15 of the United States Code are affirmative defenses, the burden of proving which is explicitly placed upon the plaintiff creditor. Even considering the affirmation of the plaintiff as an affirmative defense, it is insufficient in law. No affidavit of a bookkeeper and/or office manager setting forth the procedures used by plaintiff, or excuses given for errors, are submitted to raise a litigable issue.
The existence of the contracts is admitted by plaintiff both by its complaint and by its answering affirmation; the absence of a proper statement of the finance charge and payment schedule, required by law, is admitted and is apparent on the faces of the contracts, copies of which were attached to the moving papers. *79 Subdivisions (b) and (c) .of section 1640 of title 15 of the United States Code do not apply, since the affirmative defense is insufficient in law. Subdivision (a) of section 1638 provides:
“ In connection with each consumer credit sale not under an open end credit plan, the creditor shall disclose each of the following items which is applicable: * * *
“ (7) The finance charge expressed as an annual percentage rate except in the case of a finance charge
“ (A) which does not exceed $5 and is applicable to an amount financed not exceeding $75, or
“(B) which does not exceed $7.50 and is applicable to an amount financed exceeding $75. * * *
“ (8) The number, amount, and due dates or periods' of payments scheduled to repay the indebtedness. ” (Emphasis added.)
Subdivision (a) of section 1640provides that:
‘ ‘ Except as otherwise provided in this section, any creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this part to be disclosed to that person is liable to that person in an amount equal to the sum of
“ (1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000.” (Emphasis added.)
It is uncontradicted that the amount of the finance charge is less than $100. The purpose .of the statute is obviously to provide information to the consumer at the time of entering into the contract. It does the consumer no good to learn about installments and interest rates after she is sued and the property is replevied.
Therefore, under the fact patterns of the case at bar, it is clear to this court that the defendant’s motion for summary judgment should be granted, because there are no litigable issues raised by plaintiff’s affirmation to the defendant’s motion, giving said affirmation the broadest possible interpretation.
Defendant’s motion is granted only to the extent of awarding partial summary judgment awarding $100 on the first counterclaim and $100 on the second counterclaim.
With respect to defendant’s third counterclaim, defendant’s motion is denied. Triable issues exist as to the repossession of the items which are the subject matter of the two contracts and their constitutionality.